IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTA RECORDS, LLC, a Delaware limited liability company, ATLANTIC RECORDING CORPORATION, a Delaware corporation, BMG MUSIC, a New York general partnership; CAPITOL RECORDS, LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS RECORDS LLD, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; PRIORITY RECORDS LLC., a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>   Plaintiffs,<br><br>vs.<br><br>DOES 1-12,<br><br>   Defendants. | 1:08-cv-1242 -OWW-GSA<br><br>ORDER GRANTING PLAINTIFFS' APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY IN PART<br><br>(Document 3 ) |

INTRODUCTION

Plaintiffs have filed a Complaint against the Doe Defendants for copyright infringement, alleging that Defendants used an online media

1   distribution system to download Plaintiffs' copyrighted works and/or
2   distribute copyrighted works to the public without authorization.
3   Specifically, Plaintiffs allege Defendants used peer-to-peer ("P2P") online file
4   sharing systems to download or distribute Plaintiffs' copyrighted music.
5   Plaintiffs do not know the names of the Doe Defendants but have identified
6   them through a unique numerical Internet Protocol ("IP") address assigned to
7   each computer. This IP address, as well as lists of the recordings allegedly
8   infringed by each Defendant is attached to the Complaint. See, Exhibit A
9   attached to the Complaint. The IP addresses were distributed by California
10  State University - Fresno ("CSUF"), the internet service provider ("ISP").
11  Simultaneous with the filing of their Complaint, Plaintiffs filed an Ex Parte
12  Motion for Leave to Take Immediate Discovery by serving a subpoena on
13  CSUF to obtain identifying information for each Defendant.

## DISCUSSION

Under Rule 26(d), a party may seek discovery prior to a Rule 26(f) conference pursuant to a court order. Fed. R. Civ. P. 26(d)(1). Some courts have allowed expedited discovery prior to a Rule 26 hearing upon a showing of good cause. Quest Comm'n Int'l Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Semitool Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-276 (N.D. Cal. 2002). "Expedited discovery under Rule 45 is appropriate when good cause for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." UMG Recordings Inc., v. Does 1-4, 2006 WL 1343597 at *1 (N.D. Cal. Mar. 6, 2006).

The Ninth Circuit has also held that "where the identity of alleged defendants will not be known prior to the filing of a complaint ... the plaintiff should be given an opportunity through discovery to identify the unknown

1    defendants, unless it is clear that discovery would not uncover the identities,
2    or that the complaint would be dismissed on other grounds. Gillespie v.
3    Civiletti, 629 F. 2d 637, 642 (9th Cir. 1980).
4        Courts have routinely found good cause exists to issue a Rule 45
5    subpoena in similar circumstances to those presented here. Arista Records
6    LLC v. Does 1-43, No. 07 CV 2357 LAF POR, 2007 WL 4538697, *1 (S.D.
7    Cal. Dec. 20, 2007); Capitol Records, Inc., v. Doe, No. 07-cv-1570 JM(POR),
8    2007 WL 2429830 (S.D. Cal. Aug. 24, 2007); See also, Arista Records LLC v.
9    Does 1-16, No. 2:07-cv-1641 LKK EFB (E.D. Cal. Aug 23, 2007); Sony BMG
10    Music Entm't v. Does 1-16, No. 07-cv-00581-BTM-AJB (S.D. Cal. Apr. 19,
11    2007); UMG Recordings, Inc. v. Does 1-2, No. CV-04-0960 RSL (W.D. Wash.
12    May 14, 2004); Loud Records, LLC v. Does 1-5, No. CV-04-0134-RHW (E.D.
13    Wash., May 10, 2004); Maverick Recording Co. v. Does 1-4, No. C-04-1135
14    MMC (N.D. Cal. Apr. 28, 2004).
15        However, it is also noted that courts have denied similar requests. See,
16    Capitol Records, Inc., v. Does 1-16, No. 07-485, 2007 WL 1893603 (D.N.M.
17    May 24, 2007); See also, Charter Commc'n Inc., Subpoena Enforcement
18    Matter, 393 F. 3d 771 (8th Cir. 2005) (Rejecting subpoena sought by the
19    recording industry under the Digital Millennium Copyright Act (DMCA)
20    because ISP is only a conduit for file sharing in P2P systems.); Recording
21    Indust. Ass'n of America, Inc. v. Verizon Internet Servs., Inc., 351 F. 3d 1229
22    (D.C. Cir 2003) (same); Interscope Records v. Does 1-7, 494 F. Supp. 2d 388
23    (E.D. Va. 2007) (Denying expedited discovery request because subpoenas are
24    not authorized under DMCA); Other courts have granted these types of
25    requests subject to the notification of the subscriber prior to the release of
26    any information by the ISP. UGM Recordings, Inc., v. John Doe, No. C 08-
27    1038 SBA 2008 WL 2949427 (N.D. Cal. 2008); UGM Recordings, Inc., v. Does
28    1-4, 2006 WL 1343597 at *4 (noting privacy and limited first amendment

1    protections); Arista Records LLC v. Does 1-18, No. 3:07-cv-481 2008 WL
2    160777 (E.D. Tenn. Jan 15, 2008); Arista Records, LLC v. Does 1-4, No. 1:07-
3    cv-1115 2007 WL 4178641 (W.D. Mich. Nov. 20, 2007).

4        Upon reviewing Plaintiff's Ex Parte Application for Leave to Take
5    Immediate Discovery, the declaration of Carlos Linares, and the
6    Memorandum of Law, the court finds good cause to grant Plaintiffs'
7    application based on : 1) the allegations of copyright infringement in the
8    Complaint, 2) the possibility that the ISP may destroy the information or
9    delete information that could identify the Does identified in the Complaint, 3)
10   the discovery request is narrowly tailored, 4) the request will substantially
11   contribute to moving this case forward, and 5) Defendants will not be able to
12   be identified without this information.  However, in the interest of protecting
13   subscribers privacy rights, as well as any first amendment protections,
14   however limited they may be, the court will require that an attempt be made
15   to contact the subscribers prior to the release of their information. If
16   subscribers object to the release of information, they may file a motion to
17   quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A).

18       Finally, the court declines to find that issuance of this subpoena is
19   consistent with CSUF's obligations under the Family Educational Rights and
20   Privacy Act, 20 U.S.C 1232(g) (FERPA).  It does not appear to be necessary at
21   this time and CUSF has not been afforded the opportunity to fully brief the
22   issue.

### CONCLUSION

23       Accordingly, IT IS ORDERED that Plaintiffs' Ex Parte Application for
24   Leave to Take Immediate Discovery is GRANTED IN PART as follows :
25       1) Plaintiffs may immediately serve Rule 45 Subpoenas on CSUF
26   seeking information sufficient to identify Does 1-12, including the names,
27   current and permanent addresses, telephone numbers, email addresses, and

1   Media Access Control addresses for each Defendant as identified by the IP
2   numbers listed in the Complaint;
3       2) Plaintiffs shall serve a copy of this order on CSUF when they serve
4   the subpoena;
5       3) CSUF shall make a reasonable effort to inform the individuals
6   whose identities are to be disclosed in accordance with the subpoena.  Thus,
7   within 5 (five) business days, where possible, CSUF shall provide a copy of
8   the subpoena and this order to those individuals.  Such written notices may
9   be achieved by messages sent via electronic e-mail;
10      4) If subscribers wish to move to quash the subpoena, they shall do so
11  within fifteen (15) days from the date of service upon them.  If that 15 day
12  period lapses without filings by any of the subscribers, CSUF shall have 10
13  (ten) days from such lapse to produce the information contained in the
14  subpoena.  If CSUF wishes to move to quash the subpoena, it shall do so
15  within thirty (30) days from the date it was served with the subpoena;
16      5) CSUF shall preserve the information sought in the subpoena until it
17  has been provided to Plaintiffs or until otherwise ordered by the court; and
18      6) Any information disclosed to Plaintiffs in response to the subpoena
19  may be used solely for the purpose of protecting Plaintiffs' rights under the
20  Copyright Act as set forth in the Complaint.

27  IT IS SO ORDERED.

28  **Dated:   September 4, 2008**              /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE